UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM HACKMER JR.,

                            Plaintiff,

v.                                        Civil Action No. _____

FABIANO & ASSOCIATES, P.C.,

                            Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff William Hackmer is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Fabiano & Associates, P.C., (hereinafter "Fabiano'") is a professional company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Citibank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon information and belief Defendant was employed by Citibank to collect on the subject debt.

12. That in or about September 2010, Defendant began calling Plaintiff's father and stepmother in an attempt to collect on the subject debt.

13. That in or about September 2010 Defendant contacted Plaintiff's step mother. In the subject conversation Plaintiff's step mother stated that Plaintiff did not live at the address and that the number being dialed was not Plaintiff's. Plaintiff's stepmother then requested that Defendant stop contacting her and the conversation was terminated.

14. That in or about October 2010, Defendant contacted Plaintiff's stepmother. In the subject conversation Defendant asked to speak with Plaintiff. Plaintiff's stepmother explained that Plaintiff did not live there and that the number dialed was not Plaintiff's. Plaintiff's step-mother then requested that Defendant stop calling her and the conversation was terminated.

15. That in or about October 2010, Defendant again contacted Plaintiff's step-mother. Plaintiff's step mother explained that Plaintiff was her step son and not her husband, and that she previously requested that Defendant stop calling. Defendant asked Plaintiff's step mother to verify the last four digits of Plaintiff's social. When the numbers did not match Defendant realized that he was calling Plaintiff's father of the same name. Defendant then stated to Plaintiff stepmother that Plaintiff needed to return their call and set up a payment plan for his debt. Prior to Defendant's disclosure, Plaintiff's stepmother was unaware that Plaintiff owed a debt.

16. That in or about October 2010, Plaintiff's father informed Plaintiff that his stepmother was receiving calls from a debt collector on a debt Plaintiff owed. Plaintiff became very embarrassed and upset because prior to Defendant's disclosure Plaintiff's father and stepmother were unaware that Plaintiff owed a debt.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(3) and 15 U.S.C. §1692d by contacting Plaintiff's father and stepmother more than one without being requested to do so. The natural consequence of such action was to harass, oppress, and abuse the Plaintiff.

    B. Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692d by contacting Plaintiff's father and stepmother and disclosing that Plaintiff owed a debt. Prior to Defendant's disclosure Plaintiff's father and stepmother were unaware that Plaintiff owed a debt. The natural consequence of said action by Defendant was to harass, oppress, and abuse the Plaintiff.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 16, 2011

/s/ Seth Andrews
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
        sandrews@kennethhiller.com